## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **FREDERICK HERROD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-803-G |
| | ) |
| **MERRICK GARLAND,** | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Frederick Herrod, appearing *pro se*, brings this action utilizing a civil rights form complaint. (ECF No. 1). United States District Judge Charles B. Goodwin has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). A review of the Complaint has been conducted pursuant to 28 U.S.C. § 1915A(a). Based on that review, it is recommended that the Court **DISMISS** the Complaint.

### I. SCREENING REQUIREMENT

The Court must review each complaint in which a prisoner seeks redress against a governmental entity, officer, or employee and each case in which a plaintiff proceeds *in forma pauperis*. 28 U.S.C. § 1915A(a). The Court is required to dismiss the complaint or any portion of the complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

**II.    STANDARD OF REVIEW**

The Court must accept Mr. Herrod's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Since Mr. Herrod is proceeding *pro se*, his complaint must be construed liberally. *See id*. at 1218. The Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct," then the plaintiff has not "nudged (his) claims across the line from conceivable to plausible." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility requirement "serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma,* 519 F.3d 1242, 1248 (10th Cir. 2008).

A complaint fails to state such a claim when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote and citation omitted). Bare legal conclusions in a complaint are not assumed to be true; legal conclusions "must be supported by factual allegations" to state a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and citations omitted).

Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *see also Gee v. Pacheco*, 627 F.3d 1178, 1184-85 (10th Cir. 2010) (discussing *Iqbal*).

### III. DISMISSAL OF PLAINTIFF'S COMPLAINT

Mr. Herrod brings the instant lawsuit naming United States Attorney General Merrick Garland as the sole Defendant. In the Complaint, Plaintiff asserts jurisdiction pursuant to 28 U.S.C. § 1331, which allows a federal court to have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In the body of the Complaint, Plaintiff alleges one claim: "Violation of Article 1, Sec 9, Clause 2 of The U.S. Constitution. My Habeas Corpus "Privilege" was violated." (ECF No. 1:7). Aside from this statement, Plaintiff presents no supporting facts

or otherwise explains how, exactly, his habeas corpus "privilege" was violated. *See* ECF No. 1. Plaintiff requests no specific relief. *See* ECF No. 1.

The purpose of a Complaint is to give the opposing parties fair notice of the basis for the claims against them so that they may respond, and to allow the Court to conclude whether the allegations, if proven, would entitle the plaintiff to relief. *See Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kansas,* 891 F.2d 1473, 1480 (10th Cir.1989). Rule 8 of the Federal Rules of Civil Procedure is designed to ensure that a plaintiff meets these requirements. *See TV Communications Network, Inc. v. ESPN, Inc.,* 767 F. Supp. 1062, 1069–70 (D. Colo. 1991), *aff'd,* 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought ..."

Here, Mr. Herrod fails to provide the Court with a short and plain statement of the claim showing that he is entitled to relief or request any specific relief. Furthermore, he has failed to provide any specific details in support of his claims; instead, relying only on "labels and conclusions," which are insufficient. *Twombly*, 550 U.S. at 555. Mr. Herrod attaches 132 pages of exhibits, but does not explain their relevance and "[j]udges are not like pigs, hunting for truffles buried in [the record]." *Gross v. Town of Cicero*, 619 F.3d 697, 702 (7th Cir. 2010) (alteration in original) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). As a result, the Court should dismiss the Complaint in its entirety.

## IV.  RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should **DISMISS** Plaintiff's Complaint (ECF No. 1) for failure to state a claim upon which relief may be granted. Adoption of this recommendation would moot Plaintiff's Motion to Proceed *In Forma Pauperis* and Motion for Order **(ECF Nos. 2 and 4)**.

Plaintiff is hereby advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by **September 9, 2024.** *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## V.  STATUS OF THE REFERRAL

This Report and Recommendation disposes of all issues referred to the undersigned magistrate judge in the captioned matter.

ENTERED on August 23, 2024.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE