# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **FREDERICK HERROD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-24-803-G |
| ) | |
| **PAMELA BONDI,** ) | |
| **U.S. Attorney General,** ) | |
| ) | |
| **Defendant.**[1] ) | |

## ORDER

Plaintiff Frederick Herrod, a federal prisoner appearing pro se, initiated this civil action on August 6, 2024. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Shon T. Erwin for preliminary review.

On December 30, 2024, Judge Erwin issued a Report and Recommendation (Doc. No. 19) recommending that this action be dismissed on screening pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

Plaintiff has now filed an Objection to the Report and Recommendation. *See* Doc. No. 25. Pursuant to controlling authority, the Court reviews de novo the portions of the R. & R. to which specific objections have been made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted this de novo review, the Court finds as follows.

---

[1] The Attorney General is hereby substituted as Defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

In his Amended Complaint, Plaintiff brings a civil "Non-*Bivens* Claim" "pursuant to 28 U.S.C. § 1331" against the United States Attorney General. Am. Compl. (Doc. No. 15) at 1. Plaintiff alleges that his "habeas 'privilege' was violated" because other federal courts were required to apply habeas and postconviction-related statutes, enforced by the U.S. Attorney's Office, and such application of those statutes did not allow his "constitutional[ly] protected claim[s]" to proceed or to prevail. *Id.* at 1-2, 3, 4, 6 (citing 28 U.S.C. §§ 2244, 2255). Liberally construed, Plaintiff requests as relief that the Court remedy this violation by ordering the Suspension Clause, U.S. Const. art. I, § 9, cl. 2, be applied to "protect [Plaintiff's] rights." Am. Compl. at 4 ("The plaintiff wants a habeas corpus remedy only. Not habeas corpus relief.").

In the R. & R., Judge Erwin examined the Amended Complaint and found that Plaintiff's requested relief was not available from this Court or by way of 28 U.S.C. § 1331. *See* R. & R. at 5. Noting that Plaintiff was attempting to have this Court "effectively undo" other courts' determinations concerning his state and federal convictions, Judge Erwin concluded that "the proper avenue of relief . . . would be to file for post-judgment relief under Rule 60(b) of the Federal Rules of Civil Procedure." *Id.* Accordingly, the R. & R. recommended that this action be dismissed as "fail[ing] to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1); *see* R. & R. at 1-2, 5.

Plaintiff first objects that the magistrate judge failed to adequately consider Plaintiff's pro se status and the limitations imposed upon Plaintiff's allegations due to the form pleading he used in drafting the Amended Complaint. *See* Pl.'s Obj. at 1. To the contrary, Judge Erwin explained that Plaintiff's pro se Amended Complaint must be

2

liberally construed. *See* R. & R. at 2. And the recommendation was not premised upon any finding that Plaintiff had not adequately explained his legal claim.

Next, Plaintiff objects to the R. & R.'s statement that "Plaintiff asserts jurisdiction pursuant to 28 U.S.C. § 1331." R. & R. at 3; *see* Pl.'s Obj. at 1. In support, Plaintiff points to a Supplement (Doc. No. 3), submitted along with his initial Complaint (Doc. No. 1) in this matter, that cites 5 U.S.C. § 702 as an additional basis for jurisdiction in this action. *See* Pl.'s Suppl. at 2. The undersigned discerns no error on the part of Judge Erwin in not looking to Plaintiff's initial filings. It is well established that an amended complaint ordinarily supersedes the original complaint, rendering the prior filing "of no legal effect." *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) (internal quotation marks omitted). In light of Plaintiff's pro se status, however, the Court has considered the Supplement and Plaintiff's other written submissions together with the Amended Complaint in reviewing the R. & R.'s screening recommendation.

Plaintiff's primary objection is that the magistrate judge failed to grasp the exact contours of his factual allegations and jurisdictional assertions and, therefore, failed to fully appreciate the relief that Plaintiff seeks in this action. *See* Pl.'s Obj. at 2-6. Not so. Even assuming Plaintiff is correct as to minor misstatements in the R. & R. regarding the precise disposition of Plaintiff's other litigation, the magistrate judge's ultimate conclusion is undeniably correct: relief for any injury caused to Plaintiff by proceedings in the other cited courts must be sought from those courts and not in the Western District of Oklahoma.[2]

---

[2] Although the R. & R. referenced only Federal Rule of Civil Procedure 60(b), other avenues of relief—including appeal—may be available.

CONCLUSION

For the foregoing reasons, the Report and Recommendation (Doc. No. 19) is ADOPTED as modified herein. The Amended Complaint (Doc. No. 15) is DISMISSED without prejudice due to failure to state a claim upon which relief may be granted.

Plaintiff's Motions to Amend (Doc. Nos. 23, 24) are GRANTED. Plaintiff's remaining motions (Doc. Nos. 4, 20, 21, 26) are DENIED AS MOOT.

A separate judgment shall be entered.

IT IS SO ORDERED this 26th day of February, 2025.

*/s/ Charles B. Goodwin*
CHARLES B. GOODWIN
United States District Judge